1

2

3

4

5

6

7

8

9

10

11            **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| FJL-MVP, LLC, a California limited liability company, | Case No.  ED-CV10-00449 CAS (FFMx) |
| Plaintiff, | Hon. Fredrick F. Mumm, Courtroom 929 |
| v. | [~~PROPOSED~~] **PROTECTIVE ORDER** |
| STAPLES THE OFFICE SUPERSTORE, LLC, a Delaware limited liability company; PETSMART, INC., a Delaware corporation; and DOES 1 through 25, inclusive, | **NOTE CHANGES MADE BY COURT** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

1

2

## **ORDER**

3      The Court hereby grants the parties' request that discovery in this action be

4    conducted under a protective order pursuant to Federal Rule of Civil Procedure

5    26(c). The documents, tangible things and information, subject to discovery or

6    otherwise submitted to the Court in this action shall be done so according to the

7    terms of the parties' Stipulation for Entry of Protective Order, which was submitted

8    on March 2, 2011. The terms of the parties' Stipulation for Entry of Protective are

9    as follows:

10      It appearing that discovery in this action will likely involve disclosure of

11    trade secrets and other confidential commercial information, the parties in this

12    action, by and through their undersigned attorneys, having agreed that it would

13    serve their collective interests and the interests of nonparties if discovery were

14    conducted in this action under a protective order pursuant to Federal Rule of Civil

15    Procedure 26(c); and relying on the terms of this Stipulation and Protective Order

16    in responding to discovery,

17

18      IT IS HEREBY STIPULATED AND AGREED THAT:

19      1.      This Stipulation and Protective Order shall apply to all documents,

20    tangible things, and information, subject to discovery or otherwise submitted to

21    the Court in this action, that a party or nonparty (a) owns or, under an agreement

22    of confidentiality or a protective order in other litigation, controls or possesses

23    and (b) in good faith believes are, or reveal, trade secrets or other confidential

24    commercial information, including, without limitation, documents or tangible

25    things produced, information obtained from an inspection of premises or tangible

26    things, answers to interrogatories or requests for admission, testimony adduced at

27    depositions upon oral examination or written questions, designated hereunder as

28

1

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY ONLY."  The term "CONFIDENTIAL MATERIALS" shall include all the foregoing items or any portion thereof and all documents, tangible things and information derived therefrom, including, without limitation, copies, summaries, or abstracts thereof.

2.     All documents and tangible things produced by one party to another in this litigation shall bear identifying numbers.  A party or nonparty producing documents, tangible things, or information in response to a discovery request (each, a "Producing Party") shall label or mark each document, tangible thing, interrogatory response, response to requests for admissions, or any discovery response that it deems to be CONFIDENTIAL MATERIALS with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" on the face thereof at the time of production or copying.  The designation of any document, tangible thing, or information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY shall be a representation that the Producing Party or the Producing Parties' counsel, in good faith, believes that the item so designated comprises or contains CONFIDENTIAL MATERIALS as that term is defined herein.

3.     For depositions upon oral examination, the witness or counsel for any party may designate testimony of the witness, or any part thereof, as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY.  The court reporter shall affix the appropriate confidentiality label for each transcript that is so designated.

4.     CONFIDENTIAL MATERIALS shall be used solely for litigation between the parties and shall not be used or disclosed for any other purpose, including, but not limited to, use in any business or commercial enterprise; however, nothing herein shall prohibit or otherwise restrict a party or nonparty's use or disclosure of its own CONFIDENTIAL MATERIALS.

2

5.      Access to CONFIDENTIAL MATERIALS shall be limited to the following unless and until this Court rules that there may be further disclosure.

(a)      Counsel of record for the parties or their affiliates, subsidiaries, or direct or indirect parents; attorneys regularly employed in the legal departments of the parties or their affiliates, subsidiaries, or direct or indirect parents; contract attorneys hired to assist with this matter; and employees in the law firms or legal departments of such counsel whose functions require access to CONFIDENTIAL MATERIALS;

(b)      employees, directors, members or major shareholders of the parties or their respective affiliates, subsidiaries, or direct or indirect parents in addition to those specified in subparagraph 5(a);

(c)      any author, sender, addressee, or copy recipient of such CONFIDENTIAL MATERIALS and any officer, employee, or agent of the Producing Party;

(d)      experts or independent consultants engaged by counsel or the parties to assist in this litigation, provided that each nonparty expert and/or independent consultant has the need to learn the content of such CONFIDENTIAL MATERIALS, as determined by the sole discretion of the respective party employing such expert and/or independent consultant, and has signed an undertaking in the form of Exhibit A annexed hereto before being provided with discovery materials protected by this Stipulation and Protective Order;

(e)      any other person as to whom the parties first agree in writing and who signs an undertaking in the form of Exhibit A annexed hereto before being provided with discovery materials protected by this Stipulation and Protective Order; and

3

(f)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

These restrictions and requirements may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on a duly noticed motion.

6.     The parties recognize that certain limited categories of information may be subject to confidentiality agreements or other obligations to nonparties or are otherwise sufficiently sensitive or confidential such that one or more party's officers, employees and agents should not have access to them.  In such instances, the information may be designated "CONFIDENTIAL - ATTORNEYS ONLY" in the same manner in which CONFIDENTIAL designations are made, and persons specified in subparagraph (b) of paragraph 5 above shall not have access to materials designated as CONFIDENTIAL - ATTORNEYS ONLY unless and until the Court rules otherwise.

7.     Nothing in this Stipulation and Protective Order shall bar or otherwise restrict any party's counsel from rendering advice to his client with respect to this action, and, in the course thereof, from relying in a general way upon his examination of CONFIDENTIAL MATERIALS, provided, however, that in rendering such advice, and in otherwise communicating with her or his client, said counsel shall not disclose the contents of any CONFIDENTIAL MATERIALS to anyone who is not authorized to receive any such disclosure under the terms of this Stipulation and Protective Order.

8.     This Stipulation and Protective Order binds each party to honor CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS ONLY designations pursuant to the terms herein.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL MATERIAL to any person or in any circumstance not authorized under this Stipulation and Protective Order, the

4

Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      In the event a party is served with legal process in another proceeding seeking production of CONFIDENTIAL MATERIALS it obtained through discovery and protected under the terms of this Stipulation Protective Order, that party shall promptly notify the designating party or non-party whose material is sought of the service of legal process, as well as provide the designating party or non-party a copy of the legal process.  The party that was served the legal process shall ~~afford the designating party or non-party a minimum of twenty (20) days to object thereto or to intervene in such other proceeding for the purpose of seeking a protective order to prevent or limit the disclosure~~ **not produce any CONFIDENTIAL MATERIALS responsive to the subpoena prior to the due date specified in the subpoena**.  **(FFM)** Notwithstanding any other provision of this Stipulation and Protective Order, nothing herein shall be construed to improperly limit the rights of third parties involved in other actions to conduct discovery, or to limit the subpoena power of another court, absent motion for a protective order in such other proceedings.

10.      The parties acknowledge that the Court has not authorized in advance the filing of any document under seal.  Pursuant to Local Rule 79-5.1 of this Court, if any papers to be filed with the Court contain CONFIDENTIAL MATERIALS, the proposed filing shall be accompanied by an application to file the papers, or the portion thereof containing the CONFIDENTIAL MATERIALS, under seal.  Any such application shall be directed to the judge to whom the

5

papers are directed.  If a party wants to file with the Court a document containing CONFIDENTIAL MATERIALS, the document will be filed under seal with the Clerk of the Court in an envelope prominently marked with the caption of the case and the following notice:

> **CONFIDENTIAL - UNDER SEAL - SUBJECT TO PROTECTIVE ORDER**
> This envelope contains material filed/lodged under seal.  It shall not be opened by any person other than the Court except by Court Order or by written stipulation of all parties filed with the Clerk of this Court, and is otherwise subject to the provisions of the Protective Order entered in this action on [date].

The Clerk of the Court is directed to maintain the confidentiality of any materials filed under seal in accordance with the above instructions; and all such materials shall be kept under seal until further order of the Court.

11.    An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  In the event that any document or thing qualifying for designation as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly in writing after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the party that received the misdesignated copy(ies) ("Receiving Party"), upon receipt of which the Receiving Party shall promptly return or verify in writing that it has taken reasonable efforts to destroy all copies of the document or thing in its previously undesignated or misdesignated form.  To the extent that this applies to a transcript of a deposition, the Designating Party shall request that the court report issue new versions of the transcripts that affix the appropriate confidentiality label.

6

12.     A party's entry into this stipulation or acceptance of documents, tangible things, or information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY shall not be an admission or concession by such party, permit any inference, or create a presumption that any such designation is merited or appropriate and shall be given no weight in any challenge to any confidentiality designation hereunder or to any assertion of the need for a protective order under Federal Rule of Civil Procedure 26(c).  At any time after the receipt of any CONFIDENTIAL MATERIALS, any party (a "challenging party") may challenge a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY designation made by any other party (a "designating party").  To effect the challenge, a challenging party must specify in writing to the designating party the materials believed to be improperly designated.  If, after conferring in good faith with the designating party, a dispute remains as to any materials, the challenging party may move the Court for an order that the designated materials shall be entitled to no protection or a lesser protection than that designated under this order; provided, however, that the challenging party shall honor a challenged designation until such time as the Court may order otherwise.

13.     The parties will engage in discovery in reliance on the terms of this Stipulation and Protective Order.  Subject to the foregoing, agreement to this Stipulation and Protective Order shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing with the other parties to a modification of this Stipulation and Protective Order, subject to the approval of this Court.  **Any such motion must comply with Local Rule 37.  (FFM)**

14.     This Stipulation and Protective Order shall not be construed as an agreement by any person to produce or supply any document, tangible thing, or information, or as a waiver by any person of his right to object to the production

7

1    of any document, tangible thing, or information, or as a waiver of any claim of

2    privilege with regard to the production of any document, tangible thing, or

3    information.

4         15.    Within thirty (30) days after final termination of this action,

5    including all appeals, each party shall either (a) return all confidential material to

6    the producing party (including any copies, extracts or summaries thereof or

7    documents containing information taken therefrom, but excluding any materials

8    which in the judgment of counsel reflect the work product of the recipient) or (b)

9    destroy all such material and deliver to the producing party an affidavit indicating

10   that such destruction of material has occurred.

11

12        **IT IS SO ORDERED**.

13

14   Dated:    March 11, 2011

15                                             /S/ FREDERICK F. MUMM
                                              HON. FREDRICK F. MUMM
16                                            United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

                                          [PROPOSED] PROTECTIVE ORDER